**Erin KILLEEN, a Minor by Carole Killeen, her Mother and Guardian, Appellant,**

v.

**The TRAVELERS INSURANCE COMPANY.**

Nos. 83–5135, 83–5180.

United States Court of Appeals, Third Circuit.

Argued Sept. 27, 1983.

Decided Nov. 7, 1983.

Joseph A. Yochim (argued), Colussi, Yochim & Skiba, Erie, Pa., for Erin Killeen, appellant.

Roger H. Taft (argued), MacDonald, Illig, Jones & Britton, Erie, Pa., for The Travelers Ins. Co., appellee.

Before ALDISERT and BECKER, Circuit Judges, and POLLAK, District Judge.*

## OPINION OF THE COURT

ALDISERT, Circuit Judge.

This diversity case presents an issue of first impression and requires that we interpret an important statutory component of the Pennsylvania No-Fault Motor Vehicle Insurance Act, PA.STAT.ANN. tit. 40, §§ 1009.101–1009.701 (Purdon Supp.1983). We must decide if a provision of the Act's Assigned Claims Plan, § 1009.108, permits an accident victim to recover under the statute for hospital and medical expenses which have previously been paid by a Blue Cross/Blue Shield insurance plan. We hold that such recovery is allowed.

### I.

Appellant Erin Killeen is the minor daughter of divorced parents. On December 3, 1980 she sustained serious injuries in an automobile accident while riding as a passenger in her mother's uninsured car. As a result, Erin incurred some $70,000 in hospital and medical expenses. Because she was the beneficiary under a Blue Cross/Blue Shield insurance policy, Erin was substantially reimbursed for these expenses. The Blue Cross/Blue Shield policy was paid for by her father in fulfillment of his support obligations under an Ohio divorce decree. The decree provided, *inter alia,* that he was "responsible for payment of all [of Erin's] necessary and reasonable medical, dental and hospital expenses . . . ." App. at 25a.

After the accident, Erin, through her mother, filed a complaint in Pennsylvania state court to recover the hospital and medical expenses, under the no-fault Act, for which Blue Cross/Blue Shield reimbursement had already been received. Travelers Insurance Co., the insurer assigned to Erin's claim under § 1009.108, claimed that payment by it would amount to a double recovery by Erin, and refused to reimburse her for these costs. Travelers removed the proceedings to federal district court pursuant to 28 U.S.C. § 1441(a), and there obtained a judgment in its favor. This appeal followed.

### II.

Before we address the substance of appellant's claims, we will discuss the relevant portions of the Pennsylvania No-Fault Motor Vehicle Insurance Act. We begin by noting that there is no legislative history to enlighten us as to the meaning of any of the Act's provisions. Therefore, to ascertain the intent of the Pennsylvania legislature we must rely on the language of the statute itself. *See American Tobacco Co. v. Patterson,* 456 U.S. 63, 102 S.Ct. 1534, 71 L.Ed.2d 748 (1982). Furthermore, Pennsylvania courts instruct that if a court is to err in ascertaining the legislative intent behind the no-fault Act in close or doubtful cases, it should err in favor of extending coverage. *See Crawford v. Allstate Ins. Co.,* 305 Pa.Super. 167, 171, 451 A.2d 474, 476 (1982).

The Act requires Pennsylvania motorists to purchase automobile insurance that provides coverage for property damage and personal injuries,[1] but, if a motorist is uninsured, the Act's Assigned Claims Plan allows for reimbursement of accident-related

---

* Honorable Louis H. Pollak, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1. See PA.STAT.ANN. tit. 40, § 1009.104 (Purdon Supp.1983) which provides:

   Every owner of a motor vehicle which is registered or which is operated in this Commonwealth by the owner or with his permission, shall continuously provide security covering such motor vehicle while such vehicle is either present or registered in the Commonwealth. Security shall be provided for the payment of basic loss benefits, and for the payment of . . . damages because of bodily injury or death arising out of any one accident . . . and for the payment of damages for injury to or destruction of property in any one accident. . . .

personal injury expenses.[2] This protection for uninsured motorists is provided, on a rotating basis, by every insurance carrier authorized to sell no-fault automobile insurance in the state.[3]

If an individual, injured in an automobile accident is covered by a no-fault automobile insurance policy and, in addition, by a general health and accident policy, he or she may be entitled to reimbursement under each such policy for hospital and medical expenses incurred as a result of a motor vehicle accident.[4] What amounts to a double recovery is allowed because the insured has paid two premiums and is entitled to the benefits purchased under each policy. Where, however, the injured individual is not covered by a privately purchased no-fault automobile insurance policy, but is covered only under a general health and accident policy, the reimbursements available through the Assigned Claims Plan will not, unless a statutory exemption applies, allow a double recovery for incurred hospital and medical expenses. As § 1009.-108(a)(3) provides:

> If an individual receives basic loss benefits through the assigned claims plan for any reason other than because of the financial inability of an obligor to fulfill its obligation, all benefits or advantages that such individual receives or is entitled to receive as a result of such injury, other than life insurance benefits or benefits by way of succession at death or in discharge

of familial obligations of support, shall be subtracted from loss in calculating net loss.

PA.STAT.ANN. tit. 40, § 1009.108(a)(3) (Purdon Supp.1983).

■ Before the district court and before us, appellant argues that the payments she received from the Blue Cross/Blue Shield policy should not be used to reduce her reimbursements under the act because they are "benefits [received] . . . in discharge of familial obligations of support" and thus qualify as an exemption under § 1009.-108(a)(3). The district court rejected this argument. Because this is a question of the interpretation and application of a statute, our review is plenary. *United States v. Singer Manufacturing Co.*, 374 U.S. 174, 83 S.Ct. 1773, 10 L.Ed.2d 823 (1963); *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98 (3d Cir.1981).

### III.

We begin our analysis by examining the basis of the district court's decision. The court reasoned that the thrust of the Assigned Claims Plan is to ensure that an uninsured victim receives the basic loss benefits necessary for payment of medical and hospital expenses.[5] Once those benefits are received, there is no allowance for further recovery [6]—an uninsured victim is not entitled to a windfall. Travelers argues that the limitations on the recovery allowed uninsured motorists should be applied with

---

**2.** *Id.* § 1009.108(a) provides that:

> If this act is in effect on the date when the accident resulting in injury occurs, a victim or the survivor or survivors of a deceased victim may obtain basic benefits through the assigned claims plan established pursuant to subsection (b) of this section, if basic loss insurance [is not available]. . . .

**3.** *See id.* § 1009.108(b).

**4.** *See, e.g., id.* § 1009.106(a)(3) which provides:

> A claim for no-fault benefits shall be paid without deduction for the benefits or advantages which are to be subtracted from loss in calculating net loss if such benefits or advantages have not been paid or provided to such claimant prior to the date the no-fault benefits are overdue or the no-fault benefits claim

is paid. The obligor is thereupon entitled to recover reimbursement from the person obligated to pay or provide such benefits or advantages or from the claimant who actually receives them.

**5.** Basic loss benefits are defined as reimbursements for accident-related personal injuries but not accident-related property damage. *See id.* § 1009.103.

**6.** Section 1009.108(a)(1), for example, provides that the Assigned Claims Plan will only pay for "basic [loss] benefits" for persons injured by most uninsured motorists. Also, § 1009.-108(a)(3), as noted earlier, may, in certain circumstances, preclude recovery under the act even for personal injury expenses if the party has received reimbursement from some other source.

full force to Erin Killeen and that to allow her a double recovery for her medical and hospital expenses would amount to the kind of a windfall the statute was designed to prevent. Travelers finds support for this position in one of the stated purposes of the Act—"to have a State wide *low-cost*, comprehensive, and fair system of compensating and restoring motor vehicle accident victims ...." § 1009.102(a)(4) (emphasis added). It argues that if appellant is allowed double recovery, the costs will not remain low.

■ Although this argument may reflect the rationale behind the general set-off provision of § 1009.108(a)(3), it ignores completely the exemptions from the set-off requirement contained in that same section. As noted earlier, § 1009.108(a)(3) expressly provides that benefits received in discharge of familial obligations of support are not to be subtracted from loss to calculate net loss. In construing provisions of the no-fault statute, the Pennsylvania Superior Court teaches that courts are not "to disregard the clear and unambiguous language of the Act on the pretext that its literal interpretation will frustrate its spirit." *Platts v. Government Employees Ins. Co.*, 301 Pa.Super. 379, 381 n. 2, 447 A.2d 1017, 1018 n. 2 (1982). But, if the benefits Erin received were in discharge of her father's familial obligation of support, then the district court failed to heed this teaching.

In arguing that the exemption to double recovery does not apply, Travelers contends that Erin's father fulfilled his support obligation under the divorce decree by paying the *premiums* on the Blue Cross/Blue Shield policy such that the *payments* received by Erin were not "benefits received" in discharge of any familial support obliga-

tion. Brief for Appellee at 20. This argument is wholly unpersuasive.

■ We conclude that Erin's father maintained the Blue Cross/Blue Shield policy so that he would be able to fulfill his responsibility for his minor daughter's medical and hospital expenses should they be incurred. If Blue Cross/Blue Shield had not reimbursed Erin for these expenses, her father would have remained personally liable for them. Thus, he discharged his familial obligations under the Ohio divorce decree by ensuring that his daughter's expenses would be covered, and the manner in which he did so is of no concern here. We hold, in sum, that the premiums paid to Blue Cross/Blue Shield by Erin's father were not benefits to Erin, but rather that the payments made by Blue Cross/Blue Shield as a result of those premium payments were the "benefits" contemplated by PA.STAT.ANN. tit. 40, § 1009.108(a)(3). Erin is thus entitled to double recovery.

## IV.

Accordingly, the judgment of the district court will be reversed and the cause remanded with a direction that the district court enter judgment in favor of appellant and consider the appropriate requests for attorney's fees and interest.[7]

7. The district court judgment here was entered on January 19, 1983. Appellant filed a motion under Rule 60(b), F.R.Civ.P., for reconsideration on January 31, 1983 and a notice of appeal at No. 83–5135 on February 14, 1983, within 30 days of the judgment entry. The notice of appeal divested the district court of jurisdiction, *see Griggs v. Provident Consumer Discount Co.*, —— U.S. ——, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam), and therefore the district court could not properly decide the Rule 60(b) motion. A second appeal at No. 83–5180, taken on March 4, 1983 and following denial of the Rule 60(b) motion, was not timely filed as regards the January 19 judgment entry and improper with respect to the district court's purported denial of the Rule 60(b) motion, inasmuch as the district court had no jurisdiction to deny the motion. *Cf. Zig Zag Spring Co. v. Comfort Spring Corp.*, 200 F.2d 901 (3d Cir.1953). The appeal at No. 83–5180 is dismissed for lack of jurisdiction.