494 A.2d 862

Susan GRANT, Appellee,

v.

TRAVELERS INSURANCE COMPANY, Appellant.

Superior Court of Pennsylvania.

Argued March 13, 1985.

Filed June 14, 1985.

Kevin J. Sommar, Lansdale, for appellant.

Steven H. Kitty, Philadelphia, for appellee.

Before MONTEMURO, ROBERTS and BLOOM,* JJ.

MONTEMURO, Judge:

This is an appeal from the entry of summary judgment, on February 28, 1984, in favor of appellee, Susan Grant. Appellee is an uninsured motorist claiming basic loss benefits pursuant to the Pennsylvania No-fault Motor Vehicle Insurance Act ["Act"].[1] The sole issue presented by the instant appeal, and one which we perceive to be of first impression, is: Whether the value of Health Maintenance Organization ["HMO"] entitlements, which have in fact been denied due to a claimant's failure to act in accordance with the requirements of his/her HMO plan, may be subtracted from "loss" in calculating the basic loss benefits to be paid by an assigned claims plan assignee.

As noted in the opinion of the court below, filed on July 31, 1984, the respective parties agree that the material facts of this matter are not in dispute. Those facts are set forth therein as follows:

> On November 10, 1982, Plaintiff [appellee] Susan Grant was involved in a motor vehicle accident. There being no applicable security covering the vehicles involved in the accident, Plaintiff made application to the Pennsylvania Assigned Claims Plan for basic loss benefits on November 11, 1982. Defendant [appellant], Travelers Insurance Company ... was assigned to service the claim.
>
> In its answer to Defendant's new matter, Plaintiff admitted to being a beneficiary under a Health Maintenance Organization (HMO Pa) insurance plan. However, HMO Pa denied coverage on Plaintiff's claim for her failure to satisfy various requirements of that organization.[2] On

---

* Judge LOUIS A. BLOOM, Senior Judge, of the Court of Common Pleas, of Delaware County, Pennsylvania, is sitting by designation.

1. Act of July 19, 1974, P.L. 489, No. 176, arts. I–VII, §§ 101–701, 40 P.S. §§ 1009.101–701 (repealed).

2. Specifically, it appears from the briefs and the record before us that the HMO's denial of coverage was predicated upon appellee's failure

November 23, 1983, Defendant filed a motion for summary judgment alleging that it owed Plaintiff nothing after exercising its set-off rights pursuant to Section 108 of the Pennsylvania No-Fault Act. Plaintiff filed a cross motion for summary judgment November 29, 1983, asserting that Section 108 did not relieve Defendant of its obligation to compensate Plaintiff for sustained economic detriment.

On February 22, 1984, this Court granted Plaintiff's motion for summary judgment in the amount of $5,080.43 plus interest and denied Defendant's motion for summary judgment.

Lower court opinion at 1–2.

Initially, we note that, in analyzing the issue presently before us, we have been keenly mindful of former President Judge Cercone's sagacious admonishment:

[W]e caution anyone who embarks on the high seas of Pennsylvania's No-fault Motor Vehicle Insurance Act not to do so without a good compass, a knowledge of reefs and storms and plenty of food and water. Any attempt to choose an alternative route by land in an effort to unlock the secrets of the Act will encounter mazes of paths, pitfalls, underbrush and dead ends.

*Heffner v. Allstate Insurance Company,* 265 Pa.Super. 181, 184, 401 A.2d 1160, 1161 (1979), *aff'd,* 491 Pa. 447, 421 A.2d 629 (1980).

The Pennsylvania Assigned Claims Plan ["PACP"] is contained within section 108 of the Act. The PACP affords recovery of basic loss benefits to motor vehicle accident victims when no basic loss insurance policy has been issued to cover the claim. 40 P.S. § 1009.108(a). "Basic loss benefits" are generally defined in the Act as "benefits provided in accordance with this act for the *net loss* sustained by a victim, subject to any applicable limitations, exclusions, deductibles, waiting periods, disqualifications, or

to obtain her medical treatment from physicians and/or facilities approved by the HMO.

other terms and conditions provided or authorized in accordance with this act." 40 P.S. § 1009.103 (emphasis added).

Significantly, the general assigned claims plan provisions state, at subsection 108(a)(3):

> (3) If an individual receives basic loss benefits through the assigned claims plan for any reason other than because of the financial inability of an obligor to fulfill its obligation, *all benefits or advantages that such individual receives or is entitled to receive as a result of such injury*, other than life insurance benefits or benefits by way of succession at death or in discharge of familial obligations of support, *shall be subtracted from loss in calculating net loss.*

(emphasis added). *See generally Killeen v. Travelers Insurance Company*, 721 F.2d 87 (3d Cir.1983).

Appellant argues that, because appellee was "entitled to receive" HMO benefits for the injuries she sustained as a result of her accident, those benefits are properly deductible from the amount of appellee's overall loss in computing the basic loss benefits recoverable from appellant under the PACP. Appellee argues responsively that, (1) her HMO benefits have been denied and therefore she is not "entitled" to those benefits, and (2) an HMO is not a traditional insurance carrier and therefore is not the type of provider of "benefits or advantages" envisioned by subsection 108(a)(3). We are in agreement with the conclusion reached by appellant.

Appellee's first argument begs the question in that, although she is indeed unentitled to her HMO benefits, she sacrificed her entitlements by failing to act in accordance with the terms of her HMO plan. Had appellee actually received the benefits afforded by her HMO, appellant would have possessed an indisputable right of set-off for the amount of the benefits received, pursuant to subsection 108(a)(3). To now deny appellant a set-off right because of appellee's own wilful failure to properly secure her HMO entitlements, appears to us to be an unreasonable result.

■ Regarding appellee's argument that an HMO is not a traditional provider of "benefits or advantages" to which section 108(a)(3) is applicable, we note that the regulations promulgated by the Insurance Department state that any HMO, approved by the Insurance Department, qualifies as a source of "collateral benefits" for the purposes of an insured's primary coverage election. 31 Pa.Code § 66.-53(c)(4)(v). We are unable to discern any reasonable rationale for differentiating HMO benefits from other types of "benefits or advantages" for the purposes of subsection 108(a)(3). Indeed the language of that subsection impliedly lends itself to a liberal interpretation of "all benefits or advantages" in computing net loss. *Compare* 40 P.S. § 1009.206(a).

Appellee additionally directs our attention to subsection 106(a)(3) of the Act, which states:

(3) A claim for no-fault benefits shall be paid without deduction for the benefits or advantages which are to be subtracted from loss in calculating net loss if such benefits or advantages have not been paid or provided to such claimant prior to the date the no-fault benefits are overdue or the no-fault benefits claim is paid. The obligor is thereupon entitled to recover reimbursement from the person obligated to pay or provide such benefits or advantages or from the claimant who actually receives them.

*See generally Bell v. United States Department of Labor,* 560 F.Supp. 515 (E.D.Pa.1983), *aff'd,* 754 F.2d 490 (3d Cir.1985). In construing this subsection, one commentator has posited, by way of an example:

Thus, if an injured claimant is eligible to receive Workmen's Compensation, Medicare, or other governmental benefits, but they have not yet been paid, he is entitled to full payment of his no-fault claim. No deduction may be made for the expectancy of payment of governmental benefits. The obligor who has provided full no-fault compensation to the claimant is entitled to reimbursement from the party obligated to pay or provide such benefits, or from the claimant after he has actually received them.

D. Shrager, ed., *The Pennsylvania No-fault Motor Vehicle Insurance Act* 145–46 (1979).

■ Subsection 106(a)(3) clearly requires the prompt payment of full no-fault benefits without a permissible set-off for collateral benefits or advantages, if those benefits or advantages have not been realized by the claimant. *However*, integral to the proper functioning of this provision is the claimant's ultimate rightful entitlement to those benefits or advantages. In the absence of such entitlement, there exists no fund of collateral benefits or advantages from which the obligor, having paid full no-fault benefits, may recover reimbursement. Because appellee is not entitled to her HMO benefits, we decline to find subsection 106(a)(3) applicable to the instant case. If we were to accept appellee's invitation to apply subsection 106(a)(3) herein, we would be frustrating the clear intent of the legislature in enacting that provision, to appellant's severe detriment.[3]

■ Appellant's assertion that the set-off provision of subsection 108(a)(3) should be plainly read to apply to the instant facts due to appellee's entitlement to HMO benefits "as a result of" her injuries is, we believe, in accordance with the apparent legislative intention in enacting subsection 108(a)(3). We interpret that intention to have been to preserve and protect the PACP benefits resource from unwarranted payments. Any depletion of that resource directly affected the cost of motor vehicle insurance to the law-abiding majority of citizens in this Commonwealth who opted to comply with the express mandate of the Act in providing security coverage for their vehicles. *See* 40 P.S. § 1009.104. We are of the opinion that, in light of the specific circumstances before us, appellee should not be granted access to the PACP resource.

3. We note that, in appellee's brief, she inexplicably relies upon §§ 108(a)(1)(E) and 108(a)(2) of the Act. Even a casual reading of those subsections demonstrates their inapplicability to the instant facts and we see no need for further comment.

We are bolstered in our resolve to so dispose of this appeal by the language in subsection 108(a)(4)(A), which states:

> (4) An assigned claim of an individual who does not comply with the requirement of providing security for the payment of basic restoration benefits, or of an individual as to whom the security is invalidated because of his fraud or willful misconduct, is subject to:
>
>> (A) all the maximum optional deductibles and exclusions required to be offered; ....

As the owner/operator of an admittedly uninsured motor vehicle, appellee's claim is rendered subject to this provision. One of the "optional deductibles and exclusions" envisioned by subsection 108(a)(4)(A) appears at subsection 203(b), stating:

> (b) The owner or operator of a motor vehicle may elect to provide for security in whole or in part for the payment of basic loss benefits through a program, group, contract or other arrangement that would pay to or on behalf of the victim or members of his family residing with him or the survivor of a deceased victim, allowable expense, loss of income, work loss, replacement services loss and survivors loss. In all such instances, each contract of insurance issued by an insurer shall be construed to contain a provision that all basic loss benefits provided therein shall be in excess of any valid and collectible benefits otherwise provided through such program, group, contract or other arrangement as designated at the election of the owner or operator which shall be primary.

*See* 31 Pa.Code § 66.53.

The application of subsection 108(a)(4)(A) in conjunction with subsection 203(b) instructs us to consider appellee's posture, by analogy, as though she possessed a valid no-fault insurance policy and had exercised the available election, designating her HMO plan as primary coverage. Recently, in an opinion by our esteemed colleague, Judge Beck, this court held that, when a no-fault insured has designated an HMO plan as primary coverage and then,

following injury, fails to properly act to secure the HMO entitlements, the no-fault insurer shall not be held liable for the foregone HMO benefits. *Carr v. Erie Insurance Company*, 342 Pa.Super. 429, 493 A.2d 97 (1985). Therefore, pursuant to subsections 108(a)(4)(A) and 203(b), appellant herein cannot be found to bear the financial burden for benefits that were available from appellee's HMO.

Mindful of the pertinent standards and scope of our review of the entry of a summary judgment, *see Just v. Son's of Italy Hall,* 240 Pa.Super. 416, 368 A.2d 308 (1976), and based upon the foregoing discussion, we reverse the order of the court below entering judgment in favor of appellee and we remand this case for the entry of judgment in favor of appellant.

Reversed and remanded.  Jurisdiction is relinquished.