503 A.2d 932

**Suzanne BILLMAN, a minor, by Helen E. BILLMAN, her guardian, Appellant,**

**v.**

**PENNSYLVANIA ASSIGNED CLAIMS PLAN and the Travelers Insurance Company.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1985.

Filed Jan. 21, 1986.

William P. Coffin, Easton, for appellant (at 657) and appellee (at 745).

Jeffrey P. Hoyle, Lansdale, for appellants (at 745) and appellees (at 657).

Before SPAETH, President Judge, and HOFFMAN and HESTER, JJ.

HOFFMAN, Judge:

These are cross-appeals from the judgment entered in favor of appellant, Suzanne Billman, pursuant to the lower court's order granting her motion for summary judgment in the amount of $6,955.15. Appellant contends that the lower court correctly granted her motion for summary judgment, but erred in refusing to award her (1) interest on the $6,955.15, (2) interest on the sum of $15,000 previously paid to her in partial settlement of her no-fault claims, and (3) attorney's fees. Cross-appellants, the Pennsylvania Assigned Claims Plan and The Travelers Insurance Co. (The Travelers), disagree, contending that the lower court erred in granting appellant's motion. We vacate the lower court's judgment, reverse its order, and remand for further proceedings.

On August 4, 1981, appellant, a minor, was injured in an automobile accident while a passenger in her brother's uninsured motor vehicle. Through her guardian, appellant applied to the Pennsylvania Assigned Claims Plan seeking uninsured motorist benefits and basic loss benefits under the No-fault Motor Vehicle Insurance Act (No-fault Act).[1] Her claim was assigned to The Travelers. Appellant then brought suit against cross-appellants for failure to pay her claims. The Travelers subsequently paid appellant $15,000

---

1. Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. §§ 1009.101–701, *repealed*, Act of February 12, 1984, P.L. 26, No. 11, § 8(a), effective October 1, 1984.

Section 108 of the No-fault Act provides for recovery by motor vehicle accident victims where no basic loss insurance policy applies to the claim. 40 P.S. § 1009.108(a). Uninsured victims submit their claims to the assigned claims plan. Each claim is then assigned to one of the participating insurers. *Id.* § 1009.108(b). The assigned insurer is obligated to pay no-fault benefits to the uninsured claimant *"as if [the insurer] had issued a policy of basic loss insurance." Id.* (emphasis added); *see also Tubner v. State Farm Mutual Auto Insurance Co.,* 496 Pa. 215, 218–19, 436 A.2d 621, 622–23 (1981). Basic loss benefits include uninsured motorist coverage. *Tubner v. State Farm Mutual Auto Insurance Co., supra.*

in uninsured motorist benefits as partial settlement of her claims.[2] However, the Travelers refused to pay the $6,955.15 in medical expenses claimed by appellant as basic loss because those expenses had already been paid by her mother's Blue Cross/Blue Shield coverage. On November 8, 1984, cross-appellants filed a motion for summary judgment alleging that they were not liable to pay basic loss benefits when the medical bills constituting that basic loss had already been paid by Blue Cross/Blue Shield. On January 2, 1985, appellant filed a cross-motion for summary judgment, contending that she should be awarded basic loss benefits in the amount of $6,955.15 and interest thereon, interest on the uninsured motorist benefits previously paid, and attorney's fees. The lower court entered an order granting appellant's motion on February 12, 1985, but denying her requests for interest and attorney's fees. These cross-appeals followed.

The first issue that we must address is whether the lower court erred in finding that appellant was entitled to receive basic loss benefits although her medical expenses had already been reimbursed by Blue Cross/Blue Shield. This issue turns upon the construction of 40 P.S. 1009.108(a)(3) of the No-fault Act, which provides:

> [I]f an individual receives basic loss benefits through the assigned claims plan for any reason other than because of the financial inability of an obligor to fulfill its obligation, all benefits or advantages that such individual receives or is entitled to receive as a result of such injury, *other than* life insurance benefits or *benefits* by way of succession at death or *in discharge of familial obligations of support,* shall be subtracted from loss in calculating net loss.

---

**2.** This partial settlement agreement was approved by the lower court pursuant to Pa.R.Civ.P. 2039(a), which provides that "[n]o action to which a minor is a party shall be compromised, settled or discontinued except after approval by the court pursuant to a petition presented by the guardian of the minor." *See* Order of the Lower Court filed January 27, 1984.

(Emphasis added). Basic loss benefits are paid on the net loss sustained by a victim. *Id.* § 1009.103. Cross-appellants contend that the Blue Cross/Blue Shield payments made for appellant's medical bills constitute benefits that should be subtracted from appellant's total loss in order to determine the basic loss benefits that she is entitled to receive. Because appellant has only claimed loss for her medical expenses, and Blue Cross/Blue Shield has paid all of those expenses, cross-appellants contend that no basic loss benefits are due. Appellant, however, argues that because the payments were made pursuant to her mother's Blue Cross/Blue Shield policy, they were made "in discharge of a familial obligation of support." Therefore, she argues that those payments are exempt from set-off under § 1009.108(a)(3).

The lower court agreed with appellant's contention and cited *Killeen v. Travelers Insurance Co.*, 721 F.2d 87 (3d Cir.1983), in support thereof. The facts in the instant case are very similar to those in *Killeen.* In that case, an uninsured minor victim of a motor vehicle accident submitted a claim for hospital and medical expenses to the assigned claims plan. Her assigned insurer refused to pay basic loss benefits to her on the ground that Blue Cross/Blue Shield reimbursement had already been provided. The minor's father had purchased the Blue Cross/Blue Shield policy to fulfill his support obligations under a divorce decree, which required him to pay for the child's medical expenses.[3] The Circuit Court recognized that allowing such a double recovery was at odds with one of the stated purposes of the Act, "to have a Statewide *low-cost,* comprehensive, and fair system of compensating and restoring motor vehicle accident victims," 40 P.S. § 1009.102(a)(4)

---

**3.** Cross-appellants seek to distinguish *Killeen* from the instant case, arguing that no support obligation exists in the absence of "a specific court order for a parent to provide [a] child with a policy of health and medical insurance." *See* Brief for Appellees/Cross-Appellants at 22. We find this distinction unpersuasive. A "parent has the obligation to pay for medical care outside of any order of support." *Commonwealth ex rel. Warner v. Warner,* 198 Pa.Superior Ct. 124, 131, 181 A.2d 888, 892 (1962).

(emphasis added), but felt compelled to comply with the plain language of § 1009.108(a)(3), *supra,* and the set-off exemptions contained therein. *See* 1 Pa.C.S.A. § 1921(b) ("when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit"). The Circuit Court then found that the Blue Cross/Blue Shield payments were made in discharge of the father's support obligations. The court further found that the manner in which the father chose to fulfill his obligation, whether by purchasing insurance or paying for medical expenses out-of-pocket, did not affect the exemption from set-off. Accordingly, the court held that the child was entitled to recover basic loss benefits although Blue Cross/Blue Shield had already provided payment for her medical and hospital expenses.

█ Although this is an issue of first impression in the courts of this Commonwealth, we find it unnecessary to decide whether we will adopt the rationale of *Killeen* for the following reasons. Summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.Civ.P. 1035(b). Furthermore, summary judgment may be entered only in a matter that is clear and free from doubt. *Spain v. Vicente,* 315 Pa.Superior Ct. 135, 138, 461 A.2d 833, 835 (1983). In the instant case, cross-appellants contend that summary judgment was inappropriate because a genuine issue of fact exists concerning the nature of the Blue Cross/Blue Shield policy. We agree.

█ The party who moves for summary judgment has the burden of showing that there is no genuine issue as to any material fact and must submit affidavits or other evidence in support of the motion. *Genesis Leasing Co., Inc. v. Minchoff,* 315 Pa.Superior Ct. 437, 444, 462 A.2d 274, 277 (1983). Although appellant alleges that the Blue Cross/Blue Shield payments were made pursuant to her

mother's policy, and, therefore, in discharge of a familial obligation of support, this allegation is contained only in her motion for summary judgment and is not supported by any evidence in the record. In the absence of such support, we find that the lower court erred in granting appellant's motion for summary judgment.

We may readily dispose of appellant's remaining contentions. Appellant argues that she is entitled to receive interest on her overdue basic loss benefits pursuant to 40 P.S. § 1009.106(a)(2).[4] Because we have found that the lower court erred in awarding appellant such benefits, we need not address this issue.

Similarly, appellant contends that she is entitled to attorney's fees under 40 P.S. § 1009.107(3).[5] As entitlement to no-fault benefits is a prerequisite to the recover of attorney's fees under § 1009.107(3), we also need not address this issue.

Finally, appellant contends that she is entitled to receive interest pursuant to § 1009.106(a)(2), *supra,* on the $15,000 previously paid to her by The Travelers in settlement of her claim for uninsured motorist benefits. We disagree. A settlement agreement is binding upon the parties. *See Klein v. Cissone,* 297 Pa.Superior Ct. 207, 215,

---

**4.** Section 1009.106(a)(2) provides as follows:

No-fault benefits are overdue if not paid within thirty days after the receipt by the obligor of each submission of reasonable proof of the fact and amount of loss sustained, unless the obligor designates, upon receipt of an initial claim for no-fault benefits, periods not to exceed thirty-one days each for accumulating all such claims received within each such period, in which case such benefits are overdue if not paid within fifteen days after the close of each such period.... Overdue payments bear interest at the rate of eighteen per cent (18%) per annum.

**5.** Section 1009.107(3) provides as follows:

If, in any action by a claimant to recover no-fault benefits from an obligor the court determines that the obligor has denied the claim or any significant part thereof without reasonable foundation, the court may award the claimant's attorney a reasonable fee based upon actual time expended.

443 A.2d 799, 803 (1982). In the instant case, the parties agreed, in pertinent part, as follows:

> 3. The parties to this action are willing to enter into a partial settlement of this action....

> \* \* \* \* \* \*

> (c) The Travelers Indemnity Company as paying agent for the Travelers Insurance Company has unconditionally offered Draft No. 04135401 in the amount of Fifteen Thousand ($15,000.00) Dollars to Petitioner's Attorney as payment of the maximum uninsured motorist claim allowed under the applicable section of the No-Fault Act, Title 40 Pa.C.S.A. Section 1009.101 et seq., payable to Suzanne Billman, a minor, to File No. 1982–C–6266.

> \* \* \* \* \* \*

> (e) All parties have stipulated and agreed to litigate further plaintiff's outstanding claim and issue of medical expenses in the amount of Six Thousand Nine Hundred Fifty Five and $^{15}/_{100}$ ($6,955.15) Dollars plus interest through Cross Motions for Summary Judgment to File No. 1982–C–6266.

See Petition for Partial Settlement of Action. After reviewing the settlement agreement, we believe that appellant relinquished any further claim concerning her uninsured motorist benefits and, therefore, is barred from seeking interest on those benefits.

For the foregoing reasons, we vacate the judgment of the lower court, reverse its order granting appellant's motion for summary judgment, and remand for further proceedings.

Judgment vacated, order reversed, and case remanded for proceedings consistent with this memorandum. Jurisdiction is not retained.

SPAETH, President Judge, joined in this opinion before the expiration of his term on the court.