## Bernstein v. Shapiro

*Robert C. Vedatsky,* for plaintiff.
*Richard S. Kohn,* for defendant I. Robert Shapiro.
*Patrick J. Reilly, assistant county solicitor,* for Lehigh County Clerk of Courts.

BACKENSTOE, *P.J.,* February 25, 1988—Defendant Lehigh County Clerk of Courts' motion for summary judgment is presently before the court for consideration.

Under Pa.R.C.P. 1035(b), summary judgment may be granted only where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Rossi v. Pennsylvania State University,* 340 Pa. Super. 39, 44-5, 489 A.2d 828, 831 (1985); *Greene v. Juneja,* 337 Pa. Super. 460, 463, 487 A.2d 36, 38 (1985). When considering a motion for summary judgment, the court's sole function is to determine whether any genuine issue of fact ex-

ists to be tried. *Johnson v. Baker,* 346 Pa. Super. 183, 185, 499 A.2d 372, 373 (1985). Thus, the court is not to decide any issue of facts, but rather merely ascertain the existence of any triable issues. The burden of establishing that no material issue of fact exists is placed upon the moving party. *Billman by Billman v. Pennsylvania Assigned Claims Plan,* 349 Pa. Super. 448, 453, 503 A.2d 932, 935 (1986). The court is to examine the record in the light most favorable to the non-moving party and accept as true all well pleaded facts in the non-moving party's pleadings. *Ferguson v. King,* 362 Pa. Super. 543, 545, 524 A.2d 1372, 1373 (1987). All doubts as to the existence of a genuine issue of material fact are to be resolved in favor of the non-moving party. *Wheeler v. Johns-Manville Corp.,* 342 Pa. Super. 473, 479, 493 A.2d 120, 123 (1985). The court should grant summary judgment only in a matter that is clear and free from doubt. *Consumer Party of Pennsylvania v. Commonwealth,* 510 Pa. 158, 174-5, 507 A.2d 323, 331 (1986). With these guidelines in mind, we turn to the facts in this case.

On December 5, 1978, Sanford Bernstein, plaintiff in the instant matter, was arrested and charged with solicitation to murder his estranged wife. Mr. Bernstein deposited cash bail in the amount of $100,000 with Magistrate Edward F. Pressman to secure his release. Following a preliminary hearing, the matter was bound over for trial in the Lehigh County Court of Common Pleas. Accordingly, Magistrate Pressman paid the $100,000, deposited as bail, over to the Lehigh County clerk of courts to secure Mr. Bernstein's release through trial. This transfer occurred on January 3, 1979.

A jury trial culminated in Mr. Bernstein's conviction on September 24, 1979. Immediately upon conviction, the court revoked bail pursuant to

Pa.R.Crim.P. 4010. On September 25, 1979, the clerk of courts issued a check in the amount of $99,990, representing the bail posted less $10 poundage to Mr. I. Robert Shapiro, Esq., acting on the behalf of Mr. Bernstein.

On May 30, 1986, Mr. Bernstein filed a complaint seeking relief from both Shapiro and the clerk of courts. The causes of action stated in the complaint resulted from defendants' conduct in connection with the handling of Mr. Bernstein's bail. The complaint seeks relief from the clerk of courts in the amount of $7,313.93 which accrued when the bail was deposited in an interest-bearing account. The complaint alleges that the clerk of courts is liable on either a breach of contract or constructive trust theory. It asserts that the clerk of courts failed both to inform plaintiff of the deposit in an interest-bearing account and to pay any of the accrued interest to him.

On March 11, 1987, the clerk of courts filed a motion for summary judgment which places two issues before the court. First, the court must determine whether the clerk of courts is protected by the defense of governmental immunity. Second, if not protected, it must determine whether the clerk of courts is under any obligation to pay the accrued interest over to Mr. Bernstein.

The clerk of courts claims immunity from liability pursuant to the Political Subdivision Tort Claims Act, 42 Pa. C.S. §§8541-8564. The act provides that a local agency shall not be liable "for any damages on account of any injury to a person or property caused by an act of the local agency or an employee thereof or any other person," except as otherwise provided. 42 Pa. C.S. §8541. The intent of the act is to provide immunity from tort liability except in those situations expressly excluded by the legisla-

ture in 42 Pa. C.S. §8542, which establishes exceptions to the general rule of governmental immunity. In the instant matter, plaintiff attempts to recover not on a theory of tort liability but rather on the basis of either a breach of contract or constructve trust. Therefore, the protection afforded by the Political Subdivision Tort Claims Act is inapplicable to the instant matter, and the clerk of courts is not entitled to summary judgment on the basis of governmental immunity.

Having made this determination, we must now focus our attention on the issue of whether the clerk of courts is subject to an obligation or duty to pay the accrued interest over to Mr. Bernstein. The parties do not dispute the facts underlying the instant matter, but rather adopt opposing views as to whether the law imposes an obligation or duty.

The clerk of courts contends that its actions were in accordance with the applicable law, 16 P.S. §1706, and that no other provision of the law required it to return the accrued interest to Mr. Bernstein. During the appropriate time period, 16 P.S. §1706 provided that:

"The county commissioners or any individual who serves in an elective county office may invest such county moneys not otherwise required or authorized by law to be invested that their office is required to collect, administer or disburse by depositing such moneys in interest-bearing accounts in institutions insured by the Federal Deposit Insurance Corporation, the National Credit Union Share Insurance Fund or the Federal Savings and Loan Insurance Corporations, or by investing in U.S. governmental obligations or U.S. guaranteed obligations. The term of any investment shall not extend beyond the term of office of the county official who made the investment. In no event shall any

monetary disbursement required by law or contract be delayed or withheld for the purpose of gaining any return on investment. All accrued interest on investments shall be paid to the county treasurer for deposit into the general fund of the county except where otherwise provide[d] by law." 16 P.S. §1706, August 9, 1955, P.L. 323, §1706, added April 18, 1978, P.L. 57, immediately effective. (Subsequently amended: Dec. 13, 1982, P.L. 1131, §2, effective in 60 days). The clerk of courts argues that its compliance with this provision, and the absence of any contrary provisions, entitles it to judgment as a matter of law. Accordingly, the clerk of courts requests the grant of summary judgment in her favor.

Mr. Bernstein argues that the clerk of courts is not entitled to summary judgment because of her obligation to pay the accrued interest over to him. Essentially, his argument is as follows: first, that section 1706 is inapplicable to interest earned on bail funds; and second, if applicable, section 1706 should be struck down as an unconstitutional taking.

The starting point for Mr. Bernstein's argument that section 1706 is inapplicable to bail funds is his conclusion that bail funds are not "county moneys" as contemplated by section 1706. Because the Pennsylvania Rules of Criminal Procedure do not require the payment of interest upon cash bail deposits, the court does not make a determination as to whether bail funds are "county moneys." However, we take notice of the existence of a persuasive argument supporting such a conclusion.*

---

*The court has not been presented with, nor has it been able to locate any authority or other analysis indicating the meaning of "county moneys" as promulgated by the legislature. Thus, it adopts the belief that county moneys are those

Pa. R. Crim. P. 4015 provides in part for the return of a deposit of bail. When the deposit is other than a surety bond, the clerk is directed to place the deposit in a bank or other depository approved by the court and to maintain proper records thereof. Upon a full and final disposition of the proceedings, the clerk shall return the deposit less any fees or commissions authorized by law. Pa. R. Crim. P. 4015(a). While this rule provides for the security of deposited bail funds, it does not require or provide for the payment of interest upon such. *Commonwealth v. Crum*, 39 D. & C. 3d 5, 6-7 (1985).

Mr. Bernstein argues further that two additional provisions govern the procedure for the handling of bail funds. He relies upon 42 Pa. C.S. §3561, which provides that

"[a]ll money paid into court shall be held in the custody of such officer, shall be invested in such manner, and shall be withdrawn from deposit, as

---

which inure to the benefit of the county. Pa.R.Crim.P. 3(b) defines bail as "the security required and given for the release of a person in the custody of the law, conditioned upon a written undertaking that the person will appear when required to do all other things stipulated therein." In other words, the fundamental purpose of bail is to secure the presence of the accused at all stages of the proceedings. Because the public has an interest in both the defendant's appearance at trial and the orderly determination of the truth or falsity of charges against a defendant, we believe that bail funds deposited to secure that appearance inure to the benefit of the county. See *Fresno Fire Fighters Local 753 v. Jernagan*, 177 Cal. App. 3d 403, 412, 222 Cal. Rptr. 886, 892 (1986). Accordingly, in the absence of any contrary authority, it would appear that bail funds are "county moneys" for purposes of 16 P.S. §1706. The clerk of courts is required to collect, administer and disburse bail funds and accordingly may invest such funds pursuant to 16 P.S. §1706. The accrued interest on such funds is to be paid to the county treasurer for deposit into the general fund. 16 P.S. §1706.

shall be prescribed by the general rules;" and 42 Pa. C.S. §5702, which provides that

"[e]xcept as otherwise provided by this title and the laws relating to the regulation of surety companies, all matters relating to the fixing, posting, forfeiting, exoneration and distribution of bail and recognizances shall be governed by general rules" as support for the conclusion that the clerk of courts lacks the authority to invest the bail funds and pay the interest earned into the general fund of the county. A "general rule" is a rule or order promulgated by either the Pennsylvania Supreme Court or any agency of the unified judicial system under a power or duty delegated by the Supreme Court. 42 Pa. C.S. §102. Pennsylvania Rule of Criminal Procedure 4015, drafted by the Supreme Court to govern the handling and return of bail, does not require the payment of interest. Accordingly, Mr. Bernstein's contention that 42 Pa. C.S. §§3561 and 5702 require the payment of interest is without merit.

Having concluded that the Pennsylvania Rules of Criminal Procedure allow the clerk of courts to invest bail funds and pay the accrued interest to the county treasurer for deposit into the general fund, we must turn our attention to plaintiff's final argument that the withholding of interest by the county permits an unconstitutional taking in violation of the Fifth and Fourteenth Amendments of the U.S. Constitution.

In support of his position, Mr. Bernstein relies upon the decision of the U.S. Supreme Court in *Webb's Fabulous Pharmacies v. Beckwith*, 455 U.S. 155 (1980). The issue presented in *Webb* was whether it was constitutional for a county, under the authority of a state statute, to retain the interest accrued on an interpleader fund deposited with the county court when a fee, imposed by another stat-

ute, also is charged for the clerk's services in receiving the interpleader fund. *Id.* at 155-6. *Webb* involved the purchase of substantially all the assets of Webb's Fabulous Pharmacies Inc. by Eckerd's of College Park Inc. Because Webb's debts exceeded the purchase price, Eckerd's attempted to protect itself by filing an interpleader complaint as permitted by the Florida Bulk Transfers Act, Fla. Stat. §676.106(4) (1977). Eckerd's interpleaded Webb's and Webb's creditors as defendants and tendered the purchase price to the court. Pursuant to Florida law, the court ordered the amount be paid to the clerk for deposit in an interest-bearing account.

Pursuant to Fla. Stat. §28.24(14) (1977), the clerk deducted $9,228.74 from the interpleader fund as its fee for services rendered for receiving money into the registry of the court. The clerk calculated its fee in the manner prescribed by the statute. Subsequently, the court entered an order directing the clerk to deliver the interpleader fund to a receiver appointed for Webb's. The clerk paid the receiver the principal of the fund reduced by its statutory fee and an amount previously paid pursuant to court order, but retained accrued interest in excess of $90,000.

In reversing the Supreme Court of Florida, the U. S. Supreme Court noted that the interpleader fund "was property held only for the ultimate benefit of Webb's creditors, not for the benefit of the court and not for the benefit of the county. And it was held only for the purpose of making a fair distribution among those creditors. Eventually, and inevitably, that fund, less proper charges authorized by the court, would be distributed among the creditors as their claims were recognized by the court." *Id.* at 162.

The instant matter is distinguishable from *Webb* because bail, unlike an interpleader fund, clearly inures to the benefit of both the court and the county. Pennsylvania Rule of Criminal Procedure 3(b) indicates that the fundamental purpose of bail is to secure the defendant's appearance at trial. In *Fresno Fire Fighters Local 753 v. Jernagan,* 177 Cal.App.3d 403, 222 Cal. Rptr. 886 (1986), the court of appeal refused to apply *Webb* to cash bail deposits. The *Fresno* court emphasized the reliance in *Webb* upon the "double toll" exacted by application of both the statutory fee and retention of interest. *Id.* at 411, 222 Cal. Rptr. at 891.

Unlike *Webb,* both *Fresno* and the instant matter do not exact a double toll by retaining accrued interest and charging a substantial administrative fee. The $10 poundage subtracted from the plaintiff's bail deposit pales in comparison to the $9,228.74 administrative fee exacted in *Webb.* We believe the $10 poundage falls short of the required substantial administrative fee and accordingly hold the *Webb* double toll analysis to be inapplicable to the instant matter.

As previously discussed, the public has an interest in both the defendant's appearance at trial and the bail money deposited to secure that appearance. This public purpose underlying bail justifies the denial to the owner of the money's beneficial use while on deposit with the court, *Fresno* at 412, 222 Cal. Rptr. at 892. An individual who "deposits the full amount of his bail in cash is dispossessed of a productive asset throughout the period of deposit; presumably, at least, its interim possession by the state accrues to the benefit of the state." *Commonwealth v. Crum,* 39 D. & C. 3d 5, 5-6 (1985). The Pennsylvania Supreme Court in phrasing Pa. R.Crim.P. 4015 governing the return of bail did not express an

intent that a party posting bail receive back any more than the deposited amount. In Pennsylvania, the payment of interest to a party posting cash bail is not required by either general rule or statute. *Id.* at 6.

Finally, we note, as did the court in *Crum,* that by depositing cash as bail an individual guarantees his freedom during the pendency of the criminal action and also forfeits the ability to use the cash to produce income. *Id.* at 7. The responsibility for requiring the clerk to act as a broker for criminal defendants lies with the legislature and not the court. Pa. R. Crim. P. 4006(d) provides that bearer bonds of either the U.S. or Pennsylvania government are an acceptable form of bail. An individual is entitled under Pa. R. Crim. P. 4009 to petition the court for approval to substitute bearer bonds for cash bail, and if allowed to do so would continue to receive the interest thereon. *Id.* at 7-8. In the instant matter, this procedure was available to plaintiff, who elected instead to deposit cash as bail. Therefore, the court believes that any obligation to insure the accrual of interest lies with the plaintiff himself.

We conclude that the clerk of courts was not obligated to pay the accrued interest over to Mr. Bernstein. Accordingly, the clerk of courts is entitled to judgment as a mater of law and the grant of summary judgment is appropriate.

## ORDER

Now, February 25, 1988, upon consideration of the motion for summary judgment filed by the defendant Lehigh County Clerk of Courts, the briefs filed by the attorneys, and following oral argument upon the matter, it is hereby ordered that the said motion is granted.