The Burgess and Town Council of the Borough of Phœ-
nixville *v.* Lewis R. Walters et al., trading as the
Wheatley Cadets, Appellant.

*Landlord and tenant—Expiration of terms—Notice to quit.*

A landlord extended a ten years' lease for a further period of five years
with a proviso that the lessee should quit and surrender up possession at
any time upon one year's notice so to do. On proceedings to obtain pos-
session under the act of December 14, 1863, the jury found affirmatively
that the extension of the old lease was in force when a one year's notice
to quit was given to the lessee. *Held*, that, even if the effect of the ex-
tended lease was only that of a lease from year to year, the one year's
notice provided for in the agreement to extend was binding upon the
lessee, and after the expiration of the year, he was no longer entitled to
possession.

Argued Feb. 7, 1898.    Appeal, No. 90, Jan. T., 1897, by
defendants, from judgment of C. P. Chester Co., Oct. T., 1888,
on verdict for plaintiff.    Before STERRETT, C. J., GREEN,
WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.
Affirmed.

Appeal from judgment of justice of the peace in proceedings
to obtain possession under the landlord and tenant act of De-
cember 14, 1863.    Before HEMPHILL, P. J.

The case was previously reported in 147 Pa. 501, where the
facts appear.

Defendants' points and the answers thereto among others
were as follows :

2. To establish a renewal of the lease, the jury must find
that the proposition of the town council, as set forth in their
resolution of June 2, 1885, was submitted to the defendants ;
that the terms and conditions of said proposition were under-
stood and accepted by them, and that they remained in posses-
sion of the premises in pursuance of that agreement. The
resolution, itself, without more, is not evidence of such an
agreement, and is not binding upon the defendants, and they
were entitled to three months' notice to leave prior to the end
of the current year, viz : May 5, 1888, or hold possession on
until May 5, 1889.    *Answer :* That point is affirmed, with this

qualification or interlineation, "that it was submitted to the defendants (or their agent, if they had one)" and "that the terms and conditions of said proposition were understood and accepted by them (or their agent)." In other words, by the introduction of the word "agent" in the alternative, they or their agent, because what a man can do by himself, he can do by an agent. [3]

3. The resolution of town council of June 2, 1885, may be regarded as an offer or agreement upon the part of the town council to make a lease upon the terms and conditions therein set forth, but in order to hold the defendants to its terms and conditions the jury must be satisfied from the evidence that the said offer was submitted to them and accepted by them, and they remained in possession of the premises in pursuance of such resolution and the acceptance thereof. *Answer:* That point is affirmed, with the same qualification I made in the second point, "or their agent," it must be "submitted to them (or their agent)," and "accepted by them (or their agent)." So qualified it is affirmed. [4]

7. If the jury find that an agreement for the renewal of the old lease for five years was entered into between the borough of Phœnixville and Lewis R. Walters et al., as set forth in the resolution of council of June 2, 1885, then, as a matter of law, such a parol lease, being for more than three years, created a tenancy at will, which by the subsequent payment of rent became a tenancy from year to year, and required three months' notice prior to the end of the term, viz: May 5, 1888, to entitle the plaintiff to the remedy given by the act of 1863. *Answer:* That point as stated I must disaffirm. [1]

8. Under the statute of frauds the attempted renewal of the lease on or about June 2, 1885, was void, and the defendants became tenants from year to year, and no notice having been served upon them requiring them to quit on May 5, 1888, they were entitled to hold possession for another year from that date. *Answer:* That point is also disaffirmed. [2]

Verdict and judgment for plaintiff. Defendants appealed.

*Errors assigned* among others were (1–4) above instructions, quoting them.

*V. Gilpin Robinson*, with him *William A. Carr*, for appellant.—The lease set up by the plaintiff is void under the statute of frauds and perjuries: Whiting v. Pittsburg Opera House, 88 Pa. 101; Jennings v. McComb, 112 Pa. 521; Stover v. Cadwallader et al., 2 Penny. 117; Loran's Est., 29 W. N. C. 115; Evans v. Winona Lumber Co., 30 Minn. 515; Dobson v. Collis, 1 H. & N. 81; Birch v. Earl of Liverpool, 9 B. & C. 392; Roberts v. Tucker, 3 Exch. Rep. 642; Harris v. Porter, 2 Harr. (Del.) 27; Holloway v. Hampton, 4 B. Mon. 415; Blanding v. Sargent, 33 N. H. 246; Kellogg v. Clark, 23 Hun, 396; Bernier v. Cabot Mfg. Co., 71 Me. 506; Wilson v. Clarke, 1 W. & S. 554; Sands, Herdic & Co. v. Arthur, 84 Pa. 481; Meason v. Kaine, 63 Pa. 340; Tripp v. Bishop, 56 Pa. 429; McClintock v. Oil Co., 146 Pa. 161; McDowell v. Simpson, 3 Watts, 129; Dumn v. Rothermel, 112 Pa. 272.

*H. P. Waitneight* and *Archibald M. Holding*, for appellees.—The provisions of the renewal of the lease were not void under the statute of frauds: Voisey v. Knight, Law Reps. 21 Ch. D. 457; Fenton v. Emblers, 3 Burrows, 1281; Moore v. Fox, 10 Johnson, 244; Walker v. Johnson, 6 Otto, 424; McPherson v. Cox, 6 Otto, 416; Peters v. Westborough, 19 Pick. 364; Roberts v. Rockbottom Co., 7 Metcalf, 46; Lyon v. King, 11 Metcalf, 412; Houghton v. Houghton, 14 Indiana, 505; Linscott v. McIntire, 15 Maine, 201; Ash v. Abdy, 3 Swanston, 664; Endlich on Interpretation of Statutes, sec. 348; Doe v. Bell, 5 Term Rep. 471; Schuyler v. Leggett, 2 Cowen, 660; People v. Rickert, 8 Cowen, 226; Duffee v. Mansfield, 141 Pa. 507.

PER CURIAM, February 21, 1898:

This is a proceeding to recover possession under the landlord and tenant laws. It was heard in 1892, and is reported in 147 Pa. 501. We then held that the character of the defendants' possession, and whether it was held under the alleged renewal of a former lease made by the borough councils or as tenants from year to year, was a question of fact to be decided by the jury. The case went back for a new trial upon that question. The new trial has been had and has resulted in a finding that the extension of the old lease authorized by a borough ordinance, which changed the notice to quit so as to require one

year's notice to be given the defendants, was in force when the
notice to quit was given in this case.   Even if the effect of the
lease so renewed was only that of a lease from year to year, we
do not see why the time agreed upon as that which the defend-
ants should have before being required to surrender possession,
was not binding upon the parties.   Upon 'this finding by the
jury, the result reached is correct.   The defendants had the
benefit of the one year's notice.   They did not surrender pos-
session when the year closed.   The proceedings begun after the
year expired were justified ; therefore, they were regularly con-
ducted, and have resulted in a verdict in favor of the plaintiff.

Upon this verdict the judgment was rightly entered, and is
now affirmed.