## Warner *v.* Bedell Company, Appellant.

*Landlord and tenant—Notice of cancellation—Notice by registered letter—Delivery of notice by hand—Time as essence of contract.*

1. Where a lease provides that the lessor shall give notice by registered letter of cancellation of a lease on or before a certain day, time is of the essence of the contract.

2. If the lessor does not give notice by registered letter on the day stated, but delivers the notice to a messenger who delivers it on the following day, this is not a compliance with the contract although the registered letter itself cannot reach its destination until the day after it is mailed.

3. A repudiation of the belated notice immediately upon its receipt, relieves the lessee of any charge of waiver of the terms of the lease.

4. The sending of the letter by registered mail on the day designated would be notice instanter of the exercise of the option to cancel, and hence within the express terms of the lease.

Argued October 11, 1923.   Appeal, No. 117, Oct. T., 1923, by defendant, from decree of C. P. Allegheny Co., July T., 1922, No. 2179, on bill in equity, in case of Truly Warner v. The Bedell Co. of Pittsburgh.   Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SADLER, JJ.   Affirmed.

Bill in equity to enjoin summary proceedings to eject tenant.   Before EVANS, J.

The opinion of the Supreme Court states the facts.

Decree for plaintiff.   Defendant appealed.

*Error assigned* was, inter alia, decree, quoting record.

*Chas. H. Sachs,* of *Sachs & Caplan,* and *Harry P. David,* of the New York Bar, with them *Adolph* and *Henry Bloch,* of the New York Bar, for appellant.—The notice given by appellant of the termination of the lease was a substantial compliance with the provision of the contract, and was so regarded by appellee when received by him: Binswanger v. Dearden, 132 Pa. 229.

A forfeiture will not be allowed because of lapse of a small space of time: Tiernan v. Roland, 15 Pa. 429; Haverstick v. Gas Co., 29 Pa. 254; D'Arras v. Keyser, 26 Pa. 249; Remington v. Irwin, 14 Pa. 143.

*A. Leo Weil,* of *Weil, Christy & Weil,* with him *Stein & Salant,* for appellee.—When the parties have expressly provided the manner and time in which an option is to be exercised, strict compliance with the terms and conditions thereof is required, and a notice given even one day too late is of no avail: Fessler's App., 75 Pa. 483; Barnes v. Rea, 219 Pa. 279; McHenry v. Mitchell, 219 Pa. 297; Schaeffer v. Herman, 237 Pa. 86; Nathan v. Sinclair, 65 Pa. Superior Ct. 237; Lysle v. Williams, 15 S. & R. 135.

PER CURIAM, January 7, 1924:

Defendant, the Bedell Company of Pittsburgh, having an unexpired lease on certain premises in that city, agreed, on May 6, 1916, to sublet part of its holding to Truly Warner, plaintiff, for a term beginning August 1, 1916, and ending April 30, 1919. By this agreement defendant covenanted that, if an option which it possessed to renew the lease on the entire premises was exercised, the term of plaintiff would be renewed for a like period, subject, however, to the right of defendant, lessor, to cancel the renewed term from and after April 30, 1922, "provided......the lessor......shall give notice to the lessee by registered mail addressed to him at his office, Number 817 Broadway, New York City, of the exercise of this option on or before the 30th day of April, 1918."

The Bedell Company renewed its lease for twelve years from April 30, 1919, and, under the agreement between it and Truly Warner, the term of the latter was thereby extended for a similar period, unless defendant exercised its cancellation rights in accord with the proviso above quoted; whether the acts of the lessor here relied on amount to a compliance with this proviso is the only question we need consider.

April 30, 1918, A. M. Bedell, president of defendant company, gave a written notice of cancellation of plaintiff's lease,—ending the term on April 30, 1922,—to one of the Bedell Company employees, directing him to serve it on plaintiff; but the messenger failed to make the delivery until the morning of May 1, 1918. Mr. Warner signed a receipt for the letter and replied the same day repudiating the notice for various reasons, among others, that it was not served in time. Nothing further was done by the parties until December, 1921, when the Bedell Company notified Warner to vacate the premises by April 30, 1922, and, upon the latter's refusal to do so, threatened ejectment proceedings, whereupon plaintiff brought a bill in equity praying the court below to enjoin defendant from carrying out its threat, and also asking that the validity of the attempted cancellation of the lease be adjudicated. The injunction was granted and defendant has appealed.

Appellant contends that its delivery of the notice on May 1st, was a substantial compliance with the requirement of the proviso, because a registered letter mailed in Pittsburgh on April 30th, could not, under the most favorable circumstances, have reached the appellee in New York before the time when appellant's notification was handed to him. While seemingly meritorious, this argument overlooks the vital fact that, in contemplation of law, the sending of the letter by registered mail on April 30th would have been notice instanter of the exercise of the option (Boyd v. Merchants, etc., Peanut Co., 25 Pa. Superior Ct. 199, 204), and hence within the express terms of the lease, whereas defendant's personal delivery of the notice could not take effect before May 1st,—the day after the right to cancel plaintiff's lease had expired.

The privilege of cancellation reserved by the lessor was an option, and time was clearly of its essence: Swank v. Fretts, 209 Pa. 625, 627. Ordinarily, the possessor of such a right must exercise it on the day, or within the

time, specified (McHenry v. Mitchell, 219 Pa. 297, 301), and nothing sufficient to take this case out of the general rule has been shown.

The additional contention of appellant, that plaintiff, by his acts, waived a literal compliance with the terms of the proviso, cannot avail against one who, almost immediately on receipt of the notice, sent his repudiation of it.

The decree is affirmed at cost of appellant.