380 A.2d 468

**Beulah M. SCHWOYER, Appellant,**

**v.**

**Frederick M. FENSTERMACHER and Janet L. Fenstermacher, his wife.**

**Frederick M. FENSTERMACHER and Janet L. Fenstermacher, his wife**

**v.**

**Beulah M. SCHWOYER, Appellant.**

Superior Court of Pennsylvania.

Submitted April 2, 1976.

Decided Dec. 2, 1977.

John E. Ruth, Reading, for appellant.

David M. Kozloff, Wyomissing, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

SPAETH, Judge:

Appellant brought an action to rescind an agreement to sell her farm to appellees, on the theory that appellees had failed to perform within the time provided for in the agreement. In response, appellees brought an action against appellant for specific performance of the agreement. The actions were consolidated, and the chancellor decided both in favor of appellees. His findings may be summarized as follows:

An agreement of sale was executed on August 3, 1971. Appellant was represented by R. Joseph Merkel, attorney, and with her knowledge and consent Merkel was retained by appellees to perform services in regard to the sale and purchase of appellant's farm. One provision of the agreement was that "the said SELLER and PURCHASER hereby bind themselves, their heirs, executors, administrators, successors and assigns, for the faithful performance of the above agreement within 120 days from the date of this Agreement, said time to be of the essence of this agreement, unless extended by mutual consent in writing endorsed hereon." Appellees paid appellant a deposit of $3,160 and entered into possession of the farm.

To finance the purchase, appellees found it necessary to obtain a blanket mortgage not only on the farm but also on two other properties, which appellees already owned. For the purposes of this mortgage, title searches were required on all three properties. The parties arranged that the searches should be made by Merkel.

On November 30, 1971, because the title searches had not been completed and the time for settlement was approaching, the parties signed an agreement extending the time for settlement from December 1, 1971, to January 14, 1972. This extension agreement also provided that the parties confirmed and ratified "all other terms and conditions" of the original agreement. When entering into the extension agreement, appellant understood that Merkel would continue to be responsible for the title searches on her farm and on appellees' two properties.

A few days before January 14, 1972, Merkel informed appellees by telephone that the title searches on their two properties were not completed and that therefore settlement would not occur on January 14. Merkel neglected to inform appellant of this. On the evening of January 14, appellant went to Merkel's office for settlement. Appellees were not present. Merkel then informed appellant that as soon as the title searches were completed settlement would take place. Appellant made no objection.

On February 15, Merkel informed appellant that he had one more title search to complete. In late February or early March, appellees talked with appellant about constructing a pond on her farm; appellant said that as the farm would belong to appellees, they could do as they wanted. At about the same time, appellant told appellees that she did not know when settlement would take place.

By March 23 or 24, Merkel had completed all title searches and informed appellees that settlement would take place the following week. On March 27, Merkel telephoned appellant to tell her the same thing. Appellant replied that she was sick and then ended the conversation; on March 24, still interested in making settlement, appellant had consulted another attorney, and on March 27, she mailed Merkel a letter informing him that she was transferring her legal affairs to this new attorney; Merkel received this letter on March 28 or 29. By letter dated March 28, appellant's new attorney informed appellees that the agreement was "null and void" and directed them to surrender possession.

■ Appellees contend, and the chancellor found, that on January 14 appellant waived the provision that time was of the essence. We agree.

"Even though the agreement of sale makes time of 'the essence of the contract,' this provision may be waived by agreement *or by the conduct of the parties.*" *Cohn v. Weiss*, 356 Pa. 78, 81, 51 A.2d 740, 742, (1947) (emphasis added). The chancellor found waiver on the basis of appellant's failure to repudiate the agreement on January 14, when she

went to Merkel's office for settlement and was told settlement would not take place. We find this reasoning contrary to *New Eastwick Corp. v. Philadelphia Builders Eastwick Corp.*, 430 Pa. 46, 241 A.2d 766 (1968), where it was said: "The chancellor seemed to feel that NEC had the duty to inform PBEC that it (NEC) intended to insist on strict performance of the option. On the contrary, performance in accordance with the contract terms . . . is assumed, and a deviation is permissible only if NEC affirmatively assents to it." *Id.* 430 Pa. at 50–51, 241 A.2d at 769. We nevertheless conclude that the result reached by the chancellor was correct, for we find that appellant's actions demonstrated that she "affirmatively assented" to settlement being held at some date later than January 14, depending on when Merkel completed the title searches.

At all times during the negotiations reviewed above, appellant knew that her attorney, Merkel, was also acting for appellees, albeit in a limited capacity. Thus, when she went to Merkel's office on January 14, she was in effect dealing not only with her attorney, but also with appellees' representative. Appellant's knowledge that Merkel was controlling the time of settlement (through his speed on the title searches) and was keeping appellees informed of when settlement would occur, together with her apparent acquiescence to this way of proceeding, compel the conclusion that appellant represented to appellees—through Merkel—that she was waiving the provision that time was of the essence. Her conduct after January 14, especially in regard to the pond, supports this conclusion. The case therefore falls within the rule of *Cohn v. Weiss, supra.**

---

* We note one difference between this case and *Cohn.* There, the agreement of sale did not contain the words, "unless extended by mutual consent in writing endorsed hereon." Appellant has not argued that appellees had to show first that this requirement was waived; she might have so argued, citing *C. I. T. Corp. v. Jonnet*, 419 Pa. 435, 214 A.2d 620 (1965). Similarly, appellant has not argued, nor did she plead below, whether such a modification of the term requiring written extensions would itself fail for non-compliance with the Statute of Frauds. *See* Restatement of Contracts § 223 (1932).

■ Appellant argues that Merkel had no authority from her to waive the provision that time was of the essence. Such authority, however, need not be specifically communicated. Here, appellant's actions were sufficient to give it. *DiGiuseppe v. DiGiuseppe*, 373 Pa. 556, 96 A.2d 874 (1953).

■ Appellant also argues that "Merkel's dual representation limited his authority to modify the contract provisions on behalf of either party." However, "[t]he rule that an agent cannot act for both parties to a transaction has no application where such double representation was known to the parties and not objected to by them at or previous to the time when they executed their agreement." *Warner Co. v. MacMullen*, 381 Pa. 22, 27, 112 A.2d 74, 77 (1955).

Given the conclusion that appellant waived the provision that time was of the essence, the proper result is clear.

■ When a seller waives time for settlement, the time limit becomes indefinite, and the seller cannot thereafter terminate the agreement without reasonable notice to the buyer. *Warner Co. v. MacMullen, supra* 381 Pa. at 29, 112 A.2d at 78. Appellant did not give appellees reasonable notice. Therefore the chancellor was correct in ordering that the contract must be specifically enforced.

Affirmed.

PRICE, J., concurs in the result.