Kenneth Lotz, t/d/b/a Conley's Towing Service, Appellant *v.* The City of McKeesport, Appellee.

Argued May 3, 1982, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Yaier Y. Lehrer,* for appellant.

*John F. Cambest,* with him *Steven F. Kessler,* City Attorney, for appellee.

Opinion by President Judge Crumlish, Jr., December 15, 1982:

The Allegheny County Common Pleas Court granted the City of McKeesport's Motion for Judgment on the Pleadings. We reverse and remand.

Conley's Towing Service (Conley) contracted with the City of McKeesport (City) to perform towing services within the City. The contract contained a clause providing for yearly automatic renewal unless either party informed the other thirty days in advance of the contract's anniversary date of an intent to change or abrogate the contract.[1] Conley was in-

---

[1] Paragraph 13 of the contract states that:

This contract shall remain in full force and effect until March 23, 1976 and shall renew itself automatically thereafter, from year to year, for additional periods of one (1) year each, unless either party shall have given written notice of desire to change or abrogate the contract thirty (30) days in advance of the March 23rd expiration date in any year.

formed, by letter, of the termination of the contract twenty-seven days[2] before the anniversary date.

Following Conley's suit in assumpsit, the City moved for judgment on the pleadings, which was granted.[3] The court concluded, as a matter of law, that the time delay was reasonable and that to hold otherwise would cause an unconscionable result.

To succeed on Motion for Judgment on the Pleadings, the moving party's right to prevail must be so clear that trial would be a fruitless exercise. *Keil v. Good,* 437 Pa. 37, 355 A.2d 768 (1976). The contract is an exhibit attached to the pleadings to be read with the pleadings. Because of the nature of the clause, the contract may be determined to be an option contract. Our Superior Court, in *Western Savings Fund Society of Philadelphia v. Southeastern Pennsylvania Transportation Authority,* 285 Pa. Superior Ct. 187, 427 A.2d 175 (1981), restated the previously-held principle in Pennsylvania that, absent circumstances that would except the general rule,[4] time is of the essence in an option contract. If time were of the essence, any delay—in this case, a three-day delay—would not be reasonable. This question alone is sufficient to make the granting of the City's Motion for Judgment on the Pleadings inappropriate.

[2] The contract's anniversary date was March 23, 1980. The notice was sent out by the City on February 26, 1980, and received by Conley on February 27, 1980.

[3] Rule 1034. Motion for Judgment on the Pleadings.

(a) After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings.

(b) The court shall enter such judgment or order as shall be proper on the pleadings.

Pa. R.C.P. No. 1034.

[4] *E.g.,* if the clause had been waived either by agreement or conduct of the parties. *Western Savings,* 285 Pa. Superior Ct. at 193, 427 A.2d at 178.

We reverse and remand for proceedings not inconsistent with this Opinion.

ORDER

The Allegheny County Common Pleas Court order, No. 6580-09836 of February 26, 1981, is hereby reversed and remanded for proceedings not inconsistent with this Opinion.