524 A.2d 1372

Jacqueline FERGUSON, Administratrix of the Estate of
Joann Edmunds, Deceased, Appellant,

v.

Paul KING, Rose Alma King, His Wife, Keith Dorsett, Hallie
A. Dorsett, His Wife, and the South Pittsburgh Savings and
Loan Association, Appellees.

Susie HARVEY, Administratrix of the Estate of
Aaron Edmonds, Appellant,

v.

SOUTH PITTSBURGH SAVINGS AND LOAN ASSOCIATION,
Paul R. King, Rose Alma King, Keith M. Dorsett, and
Hallie A. Dorsett, Appellees.

Superior Court of Pennsylvania.

Argued Feb. 4, 1987.

Filed April 28, 1987.

Alan H. Perer, Pittsburgh, for appellant (at 1196).

John J. Ross, Pittsburgh, for appellant (at 1197).

Daniel F. LaCava, Pittsburgh, for King, appellees.

Before BROSKY, JOHNSON and MONTGOMERY, JJ.

MONTGOMERY, Judge:

These companion appeals involve identical factual backgrounds and legal issues. Each Plaintiff-Appellant is the administratrix of the estate of an individual who died in a fire which occurred on June 29, 1983 in a building in Aliquippa, Pennsylvania. The building contained several apartments and a tavern. At the time, the decedent Aaron Edmonds was a tenant and the decedent Joann Edmunds was his guest. The Defendant-Appellee, South Pittsburgh Savings and Loan Association (hereinafter referred to as the "Association"), filed a motion for summary judgment in the lower court, asserting that it could not be held liable for any alleged negligence in the incident because it did not have possession or control of the building at any time

material to the fire. The lower court sustained that motion, and ordered the entry of judgment in favor of the Association in each of the cases. The instant appeals arise from that Order. The Appellants assert that the lower court erred in entering summary judgment in favor of the Appellees. We are constrained to agree.

Summary judgment is governed by Pennsylvania Rule of Civil Procedure 1035(b), which provides, in pertinent part:

> The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

See also *Thorsen v. Iron and Glass Bank*, 328 Pa.Super. 135, 476 A.2d 928 (1984). In the consideration of a motion for summary judgment, the court must accept as true all well-pleaded facts in the non-moving party's pleadings, as well as admissions on file, giving them the benefit of all reasonable inferences which may be drawn. *Mattia v. Employers Mutual Companies*, 294 Pa.Super. 577, 440 A.2d 616 (1982). Thus, the record as a whole must be examined in the light most favorable to the party opposing the motion. *Community Medical Services of Clearfield, Inc. v. Local 2665, American Federation of State, County and Municipal Employees, AFL–CIO*, 292 Pa.Super. 238, 437 A.2d 23 (1981).

With such guidelines in mind, we have reviewed the pleadings, deposition transcripts, exhibits to both, and other matters which were part of the record before the lower court, and germaine to the motion for summary judgment submitted by the Association. It appears that the Association originally owned the building where the fire later occurred. It sold the building, on May 14, 1981, to Defendants Mr. and Mrs. Paul King and Mr. and Mrs. Keith Dorsett.[1] The sale was by an installment land contract

1. The Kings separately purchased the tavern part of the building.

which provided for the financing of both the purchase, and renovations to the building by the Association. The install-ment land contract included a provision which stated:

Seller may make or cause to be made reasonable entries upon and inspection of the property, provided that seller shall give buyer notice prior to any such inspection speci-fying reasonable cause therefor related to seller's interest in the property.

In an Answer filed by the Association, it maintained that it had a title interest in the property after May 14, 1981. The contract provided that the Association should deliver possession of the premises to the buyers on or before June 1, 1981. Further, the same document contained a covenant that the buyers should keep the property in good repair and not commit waste or permit impairment to or deterioration of the property.

The Kings and Dorsetts engaged in the construction work, financed by the Association, designed to rehabilitate the property. Pursuant to the inspection right contained in the installment land contract, the Association made several inspections of the property during 1981. Moreover, the Association did not disburse funds to the buyers in connec-tion with such rehabilitation work until the Association determined, by its inspections, that certain repairs had been made by the buyers.

There were six apartments in the three-story brick build-ing in question. The buyers rented a number of these apartments to various individuals, including Aaron Ed-monds, one of the decedents.

On April 8, 1982, the Association notified the Kings and Dorsetts of an intention to foreclose because of non-pay-ments under the terms of the installment land contract. Thereafter, the Association entered a confession of judg-ment in ejectment against the buyers on or about June 28, 1982. However, the Association never thereafter enforced the judgment by retaking physical possession of and eject-ing the Kings and Dorsetts from the premises. Rather, the

Kings and the Dorsetts were not ejected, and they continued to operate and maintain the building, as well as the tavern.

On June 29, 1983, the fire occurred in the building, which resulted in the deaths of Mr. Edmonds and his guest, Ms. Edmunds. On October 28, 1983, the Appellee Association submitted a sworn proof of loss statement to the insurance carrier of the building. Therein, in asserting a claim to recover proceeds of the policy for losses occurring in the fire, the Association stated that it was the title holder, and that no other person or persons had any interest in the building. Subsequently, the Association was paid the insurance proceeds it had claimed.

In the Complaint filed in the lower court by Jacqueline Ferguson, administratrix of the estate of Joann Edmunds, (the Appellant at No. 1196 Pittsburgh, 1986), various types of negligence were alleged as to the Association. These included assertions that the Association: had made inadequate, inappropriate and unsuitable alterations or modifications to the residential structure; failed to maintain the premises in accordance with applicable statutes, ordinances, building codes and other safety measures; failed to install and maintain safety devices such as fire extinguishers, sprinklers, and other safety measures; failed to properly maintain a fire escape or other emergency exits; tied or otherwise affixed rope or other materials to the fire escape such as it make proper ingress and egress possible; failed and neglected to inspect or provide for the inspection of the premises for defects or dangerous conditions; failed to repair or abate such conditions as would have rendered the premises a fire hazard; and engaged in numerous other departures from reasonable care.

The complaint filed by Susie Harvey, administratrix of the estate of Aaron Edmonds (the Appellant at No. 1196 Pittsburgh, 1986), was more narrowly drawn. It asserted that Mr. Edmonds was forced to evacuate his third floor

apartment because of a fire therein, and while attempting to do so, he was unable to use the fire escape provided by the Defendants because they had negligently caused it to be secured in a fixed position, thereby making it useless for Mr. Edmonds' use as a safe means of escape from the building.

■ Under prevailing law, responsibility and liability for negligence which causes harm to an occupant of a building, in circumstances such as those presented in the instant case, falls upon a party having possession and control of the area where the injury occurred. *Williams v. Wolf,* 169 Pa.Super. 628, 84 A.2d 215 (1951). In light of the factors recited above, we cannot hold that there is no genuine issue of fact on the material issue of whether or not the Association was in control of the premises at either the time when the repairs to the structure and its fire escape were made, or at the time when the fatal fire occurred. At the latter time, while the Association permitted the Kings and the Dorsetts to continue to enjoy some control with regard to the building, it may be reasonably inferred from the record that the Association also had some degree of control. Contrary to the arguments submitted to our Court by the Association on these appeals, it would not be reasonable to hold conclusively that the Association had the mere status of a vendor of the property at the time when the fire occurred. The Association had perfected ejectment proceedings against the buyers a year prior to the fire, and claimed insurance proceeds after the fire, on the basis of an assertion of exclusive rights in the property.

Suggestions regarding the Association's control of the property are evident. Accordingly, the lower court erred in granting summary judgment in favor of the Association.

The orders entering summary judgment are reversed, the judgments entered in both appeals are vacated, and the cases are remanded for further proceedings. Jurisdiction is not retained.