544 A.2d 487

BANTAM FOUR CINEMAS, INC., a
Pennsylvania Corp., Appellant,

v.

George D. ZAMIAS and Marianna Zamias, His Wife, t/a Bel
Air Plaza Associates, Appellees.

Superior Court of Pennsylvania.

Argued Feb. 24, 1988.

Filed June 20, 1988.

Palmer T. Lawrence, Pittsburgh, for appellant.

Martin A. Nadorlik, Johnstown, for appellees.

Before McEWEN, DEL SOLE and JOHNSON, JJ.

DEL SOLE, Judge:

This is an appeal from the Order entered on April 20, 1987, in the Court of Common Pleas of Cambria County, Civil Division, granting Appellees', George and Marianna Zamias', t/a Bel Air Associates', motion for summary judgment, and ordering Appellant, Bantam Four Cinemas, Inc., expelled from its leased premises. We reverse and remand for proceedings consistent with this opinion.

The instant case involves an action for declaratory judgment brought on April 11, 1986, by Appellant to determine its rights to stay on the premises at Bel Air Plaza, a shopping center operated by Appellee in Richland Township,

Cambria County, Pennsylvania. Appellant and Appellee were lessee and lessor, respectively, for the premises which housed a four-plex movie exhibition theater under a Lease Agreement dated August 7, 1970, and running from March 1, 1974, to February 28, 1981. The lease in question also provided for two (2) option renewal periods, the first of which expired on February 28, 1986, and the second period scheduled to begin on March 1, 1986, and to expire on February 28, 1991.

Appellant filed its complaint on April 11, 1987, alleging that it made a timely and proper exercise of its option to renew the lease in question for the second and final option period. Appellant filed an amended complaint on April 18, 1986, to update the name of the owners of the premises to the new and present owners, George D. and Marianna Zamias.

On May 6, 1986, Appellees filed its answer and counter-claim, alleging that Appellant failed to exercise its final five (5) year option and that notice to quit was effectively served. In addition, Appellees requested that the trial court direct Appellant to vacate the premise.

On July 11, 1986, Appellees filed a motion for summary judgment. On September 25, 1986, the court *en banc* heard both Appellees' motion for summary judgment and Appellant's motion for declaratory judgment. In its Opinion and Order of April 9, 1987, and docketed on April 20, 1987, the court *en banc* granted Appellees' motion for summary judgment and ordered Appellant expelled from its leased premises. The court denied Appellant's motion.

On May 19, 1987, Appellant filed a timely appeal in the Commonwealth Court of Pennsylvania and an application for reconsideration with the Cambria County Common Pleas Court. On July 30, 1987, after petition by Appellant, the instant case which was erroneously filed in Commonwealth Court was properly transferred to this Court. On August 12, 1987, Appellant's application for reconsideration was denied.

Appellant presents three issues for our review on appeal:

1. Whether the lower court abused its discretion in determining that there was no genuine issue of material fact remaining to be litigated in view of Appellant's having given oral notice to renew its leases, Appellees' acceptance of said notice, and finding that such events were a legal nullity and did not constitute effective and legal notice and acceptance of Appellant's intent to renew its lease so as to result in oral modification of the parties' written contract.

2. Whether the record considered in a light most favorable to Appellant justified the lower court's imposition of summary judgment, as a matter of law, against Appellant when Appellee's affidavit in support of their motion for summary judgment does not even address any of the allegations of Appellant's original complaint nor is said affidavit sworn to as a matter of personal knowledge.

3. Whether the lower court abused its discretion in ascribing a "time is of the essence" condition to a contract not containing such provision and thereby proscribing equitable considerations in this case.

In the court's determination of whether a motion for summary judgment should be granted, the following principles have application:

The moving party bears the burden of demonstrating that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *Thompson Coal Company v. Pike Coal Company*, 488 Pa. 198, 412 A.2d 466 (1979); *Weiss v. Keystone Mack Sales Inc.*, 310 Pa.Super. 425, 456 A.2d 1009 (1983). In determining whether the moving party has met this burden, the court must examine the record in the light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences. *Thompson Coal Company v. Pike Coal Company, supra; Shacter v. Albert*, 212 Pa.Super. 58, 239 A.2d 841 (1968). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Thompson Coal*

*Company v. Pike Coal Company, supra; Breslin v. Ridarelli,* 308 Pa.Super. 179, 454 A.2d 80 (1982). Summary judgment should be granted only in the clearest case, where the right is clear and free from doubt. *Thompson Coal Company v. Pike Coal Co., supra; Weiss v. Keystone Mack Sales, Inc., supra.*

*Bertain v. Beck,* 330 Pa.Super. 248, 251–52, 479 A.2d 534, 535–36 (1984). *See also, Ferguson v. King,* 362 Pa.Super. 543, 524 A.2d 1372 (1987). Instantly, we find this not to be the case.

In the case at bar, predecessors of both parties entered into an Agreement of Lease on August 7, 1970. The initial term was scheduled to begin on March 1, 1974, and expire on February 28, 1981. The lease also provided for two (2) five (5) year option periods, the first of which was set to begin on March 1, 1981, and end on February 28, 1986, and the second to begin on March 1, 1986, and end on February 28, 1991.

The instant dispute arose over the exercise of the last five (5) year option included in the lease in question. Article 3 of the lease states in pertinent part:

Each option shall be exercised by Lessee giving Lessor written notice by certified mail to the last known address of the Lessor of its intention so to do at least ninety (90) days prior to the expiration of the original term or the renewal term, as the case may be.

The record shows that Appellant did not file a written notice to exercise its last five (5) year renewal option according to the terms of the lease. The lease required Appellant to give written notice of its intent to renew to appellee by certified mail ninety (90) days before the expiration of the first five (5) year renewal option on February 28, 1986. In this case, no such written notice was sent by the deadline indicated in the lease. However, Appellant sent a mailgram to Appellees on January 10, 1986, in order to confirm an alleged July 1984 oral notice. Appellees responded by sending a Notice to Quit to Appellant on January 13, 1986.

In its Complaint, Appellant maintains that its representative, Donald Gawel, orally notified Appellees of its intention to renew the last five (5) year option. Appellant also maintains that said notice was orally accepted on behalf of Appellees according to practices established between the parties. (Appellant's Amended Complaint, No. 6). Thus, Appellant asserts that Appellees were given "equivalent" timely notice of Appellant's intention to exercise its option.

In their Answer, Appellees contend that no such oral notice was given by Appellant or received by Appellees. They also claim that there was no set established practice between Appellees and Appellant for the acceptance of oral notice in such matters as contended by Appellant. Appellees further assert that, since Appellant failed to provide timely written notice in compliance with the lease, the option lapsed. (Appellees' Answer, No. 6).

The lower court heard no testimony on the matter since it chose to grant summary judgment on the pleadings. Appellant contends that it desired to develop certain testimony at trial "to establish a past practice between the parties of oral modification of written agreements, particularly, 'that Bantam gave oral notice to Zamias, who indicated oral acceptance in kind.'"

It is well-settled law that an option will expire unless it is timely exercised. *McMillan v. Philadelphia Company*, 159 Pa. 142, 28 A. 220 (1893). Moreover, it is equally well-settled that time is always of the essence in an option contract. *New Eastwick Corporation v. Philadelphia Builders*, 430 Pa. 46, 241 A.2d 766 (1968). In addition, notice of intent to exercise the option must be given in compliance with provisions of the contract. *Borough of Phoenixville*, 184 Pa. 615, 39 A. 490 (1898).

In *Western Savings Fund Society of Philadelphia v. Southeastern Pennsylvania Transportation Authority*, 285 Pa.Super. 187, 427 A.2d 175 (1981), this Court reiterated the previously-held principle that time is of the essence in option contracts. However, the court also held that, in Pennsylvania, the timely notice requirement for option con-

tracts may be waived by agreement or by conduct of the parties. *See Cohn v. Weiss,* 356 Pa. 78, 81, 51 A.2d 740 (1947); *Unatin 7-Up Co., Inc. v. Solomon,* 350 Pa. 632, 39 A.2d 835 (1944); *Schwoyer v. Fenstermacher,* 251 Pa.Super. 243, 380 A.2d 468 (1977). In addition, in *Western Savings,* the court stated that "[e]ven those jurisdictions which recognize equitable exceptions to the rule that time is of the essence have rigorous standards for determining when such exceptions should operate." 285 Pa.Super. at 195, 427 A.2d at 179. The court further stated:

> Anything short of the utmost good faith and diligence on the part of the party seeking to be relieved from the consequences of a failure to conform strictly to the terms of such contract will not be regarded as sufficient; but where it appears that *by the act of the other party,* or *by unavoidable accident of such character as could not be foreseen and guarded against,* the performance of the contract, with the exercise of due diligence was rendered impossible, and the other party at the earliest opportunity performed his part of the contract, the court will enforce it.

285 Pa.Super. at 195, 427 A.2d at 179–80 (emphasis added). *Monihon v. Wakelin,* 6 Ariz. 225, 234, 56 P. 735, 736–37 (1899).

In *Western Savings Fund Society v. Southeastern Pennsylvania Transportation Authority,* supra, this Court ruled that, in any case, negligence is not a favored ground for equitable relief. The court ruled that Western's administrative oversight due to the workload with which it was faced at or about the date on which notice was required in no way shifts or lessens Western's responsibility for the error in question. 285 Pa.Super. at 196, 427 A.2d at 180. *See, Lotz v. City of McKeesport,* 70 Pa.Cmwlth. 401, 453 A.2d 74 (1982); *Warner v. Bedell Co.,* 278 Pa. 576, 123 A. 490 (1924). *See, e.g., Woodrum v. Pulliam,* Ky., 453 S.W.2d 263 (1970); *Koch v. H. & S. Development Co.,* 249 Miss. 590, 163 So.2d 710 (1964); *McClellan v. Ashley,* 200 Va. 38, 104 S.E.2d 55 (1958).

However, in *In the Matter of Opus One, Inc.*, 33 B.R. 190, 193 (Bankr.W.D.Pa.1983), the court held that, in other circumstances, the lessee who has failed to comply with the written notice provisions set forth in a contract between lessor and lessee has been afforded relief by the courts. Citing *H.F.D. No. 26, Inc. v. Middletown Merchandise Mart*, 467 F.2d 253 (3rd Cir.1972), the court stated that judgment for the lessor had been reversed notwithstanding lessee's failure to comply with the written notice provisions of the lease. In *H.F.D. No. 26, Id.*, evidence showed that both parties had clearly contemplated renewal by their conduct.

Moreover, in *In the Matter of Opus One, Inc.*, supra., 33 B.R. at 193, the court, citing *McClelland v. Rush*, 150 Pa. 57, 24 A. 354 (1892), ruled that the lessor may waive the right to written notice by parol. In *McClelland v. Rush*, supra., the Pennsylvania Supreme Court reversed judgment, based on its finding that the lessee had given repeated oral notices of intent to renew its contract with lessor. In *McClelland*, the lessor had not objected to the form of the lessee's notice, despite the fact that it was oral and not in writing as specified by the contract. Thus, in *In the Matter of Opus One, Inc.*, supra., the court found that the evidence presented at trial showed that the lessor, Kaufmann's, had "equivalent", timely notice of the lessee's, Opus One's, intent to exercise its option to renew its contract. Despite the fact that Kaufmann's argues that Opus One did not legally exercise its option to renew by virtue of its failure to send written notice to Kaufmann's, the court found that Opus One had given timely oral notice of intent to renew to Kaufmann's who had not objected to the form at the time in question.

In light of the law concerning timely notice and the lessor's ability to waive the right to written notice of renewal of lease to the instant case, we find that a genuine issue of material fact still exists and that appellees, as the moving parties, are not entitled to summary judgment. *Bertain v. Beck*, supra.; *See also, Ferguson v. King*, supra.

In its Complaint, Appellant maintains that its representative, Donald Gawel, orally notified Appellees of its intention to renew the last five (5) year option well within the time prescribed by the lease, i.e., in July 1984. Appellant also maintains that said notice was orally accepted on behalf of Appellees according to the practice established between the parties. (Appellant's Amended Complaint, No. 6). Thus, we find that Appellant should have been permitted by the trial court to present evidence to show that oral notice of Appellant's intent to exercise its option to renew its contract was timely offered in July 1984 and that Appellees actually accepted this "equivalent" form of notice. *In the Matter of Opus One,* supra.

Therefore, we reverse the trial court's order granting summary judgment and remand this case for proceedings consistent with this opinion.

Jurisdiction is relinquished.