590 A.2d 9

PENNSYLVANIA ACADEMY OF FINE ARTS,

v.

**Thelma GRANT, Trustee of Residuary Trust Under the Will of Max Grant, Deceased, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 9, 1991.

Filed March 21, 1991.

Reargument Denied May 21, 1991.

Jeffrey R. Lerman, Philadelphia, for appellant.

Miles H. Shore, Philadelphia, for appellee.

Before WIEAND, MONTEMURO and HESTER, JJ.

MONTEMURO, Judge:

This is an appeal from an Order granting appellee's motion for summary judgment in a landlord tenant action.

Appellee is the lessee and appellant the lessor of a certain piece of property in Center City Philadelphia used as a parking lot. On January 30, 1989, the lease, which was to expire on July 31, 1989, was assigned by the then tenant, Mellon Bank (East) N.A., to appellee as successor in interest. The lease contained an option to purchase clause which specified that it was to be exercised at least six months prior to the expiration date. A letter dated January 30, 1989, the same day as the assignment of the lease, and containing the necessary deposit check to notify appellant of appellee's intent to exercise the option, was mailed the following day, January 31, postage prepaid, certified mail, return receipt requested. On February 28, appellant responded, returning the check on grounds that because she had received no communication concerning exercise of the option until February 3, 1989, she considered the notice invalid. Appellee brought suit to enforce the lease, and appellant raised as defenses the timeliness of the notice, as well as allegations of environmental violations and tax irregularities in breach of the lease. Appellee successfully moved for summary judgment, and this appeal followed.

The standard enunciated by Pa.R.C.P. 1035, establishes that summary judgment is properly granted, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."

In passing upon a motion for summary judgment, the court must examine the record in the light most favorable

to the nonmoving party ... It is not part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. Any doubt must be resolved against the moving party ... The court, in ruling on a motion for summary judgment, must ignore controverted facts contained in the pleadings ... The court must restrict its review to the material authorized by Rule 1035 to be filed in support of and in opposition to the motion for summary judgment and *only* those allegations in the pleadings that are uncontroverted.

*Washington Federal Savings and Loan v. Stein,* 357 Pa.Super. 286, 289, 515 A.2d 980 (1986) (citations omitted) (emphasis in original).

■ The material fact advanced here about which appellant first claims controversy is appellee's notice of its intention to exercise the purchase option. Appellant argues that because the notice was received five months and twenty eight days rather than six months prior to expiration of the lease, as is specified in the the the lease's language, there is a material issue of fact as to whether notice was timely. The thrust of the issue is whether notice became effective upon mailing or upon receipt.

The trial court found that there was no provision in the lease document to indicate when notice became effective; the one section germane to the issue specified only the method of giving notice.[1] Citing the Restatement (Second) of Contracts, § 63 Comment F, *Williston on Contracts,* § 83 3rd ed. 1951, and 1A *Corbin on Contracts* § 264 (1963), the trial court found the general rule to be that the exercise of a leasehold option is effective upon receipt in the absence of a contrary intent expressed by the parties.

Despite these findings, however, the trial court then held that the general rule notwithstanding, the instant case was governed by *Chanoff v. Fiala,* 440 Pa. 424, 271 A.2d 285 (1970). There our supreme court held that exercise of an

---

1. Section 801 reads in pertinent part as follows:
   *Notices.* All notices hereunder shall be in writing and shall be delivered or mailed by certified mail or registered mail.

option was timely, and the seller bound thereby where the buyer's check was mailed the day before expiration of the option period, even though it was not received until after the initial offer expired. Although *Chanoff* differs in several respects from the instant case, none of these divergences are relied upon in the Supreme Court's rationale for its ruling. Specifically, there had been a course of dealing between the parties which would seem to indicate less than scrupulous attention to deadlines on appellant's part, the notice was mailed the day before the expiration date of the option, and the deposit check had been placed in appellant's account. Nevertheless, the Court based its decision on the "mailbox rule," stating:

> In the instant case, buyer mailed to seller a check for $10,000 on the day *before* the offer was due to expire. This was a timely acceptance: " 'Where the use of the mails as a means of acceptance is authorized or implied from the surrounding circumstances, the acceptance is complete by posting the letter in normal mail channels, without more. Restatement, Contracts § 66; 1 Williston, Contracts, § 83 (3rd ed. 1957).' " *Falconer v. Mazess,* 403 Pa. 165, 168–169, 168 A.2d 558,559 (961) (footnote omitted) (quoting *Meierdierck v. Miller,* 394 Pa. 484, 487, 147 A.2d 406, 408 (1959). Accord *Warner v. Bedell Co.,* 278 Pa. 576, 578, 123 A. 490, 491 (1924) (dealing with an option). "Indeed it is clear that use of the mails was at least impliedly authorized in this case; a paragraph of the agreement specifically provides that all notices are to be sent by registered mail...."

*Chanoff v. Fiala,* 440 Pa. 424, 428, 271 A.2d 285, 287 (1970).

Despite the fact that the exercise of an options contract is considered effective only upon receipt, *see, Murray on Contracts,* §§ 43(B), 47(C) (3rd. ed. 1990) and authorities cited therein, the law in this Commonwealth is directed by the Supreme Court whose only pronouncement on the matter we have in *Chanoff.* We are therefore constrained to agree with the trial court that the notice mailed on January

31, 1989 constitutes an effective exercise of the purchase option.

■ Appellant also alleges that material issues of fact relating to other breaches of the lease agreement prevent enforcement of the option. The allegations relate to the existence of a ten thousand gallon underground gasoline tank [2] on the premises which appellant contends is in breach of the lease provisions pertaining to environmental safety by violating both federal and local environmental regulations. She asserts too that contrary to the terms of the lease, appellee is delinquent in its payment of City use and occupancy taxes.

The trial court found that appellant had presented no proof of any legal action concerning the alleged environmental problem, only that there is a potential liability which may never materialize. Similarly, the court found that any tax irregularities concerned taxes levied on a previous tenant, not appellee, and that in any event they represented no liability to appellant as landlord. In fact, the only material presented in support of these allegations were affidavits signed by appellant herself accusing appellee of the purported breaches, and an affidavit from an attorney whose information consisted of hearsay provided by third parties.

Pa.R.C.P. 1035(d) states:

... Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matter stated therein.

The affidavits offered by appellant are disqualified in every respect, and therefore demonstrate no material breach of the lease as to either the environmental regulations or the tax irregularities. Nor, as a result, were there any disputed material facts before the court.

Order affirmed.

2. The tank was installed by appellee's predecessor in interest, Mellon Bank.